UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VERNELL KING

     Petitioner,

                                          ORDER

-against-                                     13-MC-152 (SMG)

UNITED STATES OF AMERICA,

     Respondent.
------------------------------------------------------------x
Gold, S., *United States Magistrate Judge*:

     In 2004, Vernell King was convicted upon his plea of guilty to a misdemeanor violation of 18 U.S.C. § 641. *United States v. King*, No. 04-CR-238. On June 25, 2004, I sentenced King to two years of probation and ordered him to pay $23,495 in restitution and a special assessment of $25.

     King now brings this miscellaneous action asking the Court to seal or expunge his criminal record. King's argument in support of this relief, quoted here in its entirety, is as follows: "After being convicted of a misdemeanor in 2004, I was terminated from my place of employment, required to pay $23,495.00 in restitution, and successfully completed 2 years of probation supervision." Docket Entry 1.

     Generally, criminal records may be expunged only in "the unusual or extreme case." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quotation and citation omitted). The government has a legitimate need to maintain arrest records, and that need must be balanced against the harm that maintaining criminal records can cause. *Id.* Courts have thus repeatedly held that "expungement is an extreme, and rare, remedy. It is not commonly granted even in cases in which the defendant was acquitted of the charges, much less where the defendant has

been convicted by a jury or pleaded guilty." *United States v. McFadzean*, 1999 WL 993641, at *3 (S.D.N.Y. Nov. 2, 1999).

It is thus not surprising that courts have expunged records only under extraordinary circumstances, such as mass arrests where individualized determinations of probable cause could not be made, arrests intended to harass civil rights workers, arrests based on statutes later determined to be unconstitutional, or police misuse of arrest records. *Schnitzer*, 567 F.2d at 540. In contrast, the adverse effect of a criminal record on an individual's ability to maintain employment has been held to be an insufficient basis for expungement. *See, e.g.*, *Doe v. Immigration & Customs Enforcement*, 2004 WL 1469464, at *5 (S.D.N.Y. June 29, 2004); *United States v. Hasan*, 2002 WL 31946712, at *2 (E.D.N.Y. Dec. 4, 2002); *Slansky v. White*, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996).

In *United States v. James*, Senior United States District Judge Glasser held, in words equally applicable here, as follows:

> [P]laintiff has not met the stringent standard needed to obtain expungement of her criminal record. She does not challenge the validity of her arrest or conviction. She does not contend that the government based her arrest upon an unconstitutional statute or that the government misused her records in any way. In fact, she has not even professed her own innocence. Rather, plaintiff simply states in her motion that she faces difficulties as a result of her criminal record. While the Court is sympathetic to those difficulties . . . the law does not permit expungement under such circumstances.

2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003).

For all the reasons stated above, plaintiff's motion is denied. The Clerk shall close the case.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
May 3, 2013

*U:\smg current docs\King expunge 050213- final.docx*